Roy J. RIKLI, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–13888.

Court of Criminal Appeals of Oklahoma.

April 20, 1966.

Roy J. Rikli, pro se.

Charles Nesbitt, Atty. Gen., State of Oklahoma, for respondent.

BUSSEY, Presiding Judge.

This is a proceeding in which the petitioner seeks a judicial review of his conviction in the District Court of Oklahoma County under the provisions of 22 Okl.St. Ann. § 1073. According to the application of petitioner, he was convicted for the crime of Rape and on October 20, 1964, was sentenced to serve a term of seventeen and one-half years imprisonment in the State Penitentiary. On the trial, petitioner was represented by private counsel and although petitioner alleges he was denied his right to appeal and to be represented by counsel on said appeal, on the face of his petition it affirmatively appears that he did not give notice of intent to appeal, never requested a casemade at public expense, nor court appointed counsel to represent him in perfecting an appeal. Title 22, Okl.St.Ann. § 1073 (a) provides:

> "The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal."

We believe that it is readily apparent that where, as in the instant case, the defendant was represented on his trial by private counsel, did not give notice of intent to appeal, seek the appointment of counsel in perfecting an appeal, or request a casemade at public expense in the manner provided by law within the time within which the appeal could have originally been perfected, such defendant has not been deprived of any constitutional right relating to an appeal and is not entitled to a judicial review of his conviction under the provisions of 22 Okl.St. Ann. § 1073, supra.

We are of the opinion, and therefore hold, that the petitioner is not entitled to the relief prayed for. Appeal denied.

NIX and BRETT, JJ., concur.